UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED HEALTHCARE SERVICES, INC., and UNITED HEALTHCARE INSURANCE COMPANY, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. ) |
| JEREMY ROSSEL *et al.*, | ) (Case No. 3:21-cv-1547-L, N.D. Tex.) ) |
| Defendants. | ) ) ) |
| BISHOP JERRY L. MAYNARD, | ) ) ) |
| Movant. | ) |

## JOINT DISCOVERY DISPUTE STATEMENT

To comply with LR37.01(b) concerning the accompanying Motion for a Protective Order filed by Bishop Jerry L. Maynard, the parties to the Motion offer this Joint Discovery Dispute Statement through their respective undersigned counsel.

**Bishop Maynard's Position**

As reflected by the style of this action, *supra*, it arises from a case pending in the United States District Court for the Northern District of Texas. *United Healthcare Services, Inc. v. Jeremy Rossel et al.*, Case No. 3:21-cv-1547-L. Bishop Maynard's Motion for a Protective Order concerns a deposition subpoena to nonparty City of Life Corporation and its accompanying Attachment listing fourteen "Deposition Topics," copies of which are attached hereto as Exhibits A and B, respectively. Venue lies in this District because it is the district where the deposition is to be taken. *See* Rule 26(c)(1), Fed. R. Civ. P.; *see also* Rule 45(d)(3)(A) (venue for motion to quash deposition subpoena lies in the district where compliance is required). As reflected by Exhibit B, the sought-

after deposition is a Rule 30(b)(6) deposition of City of Life Corporation.

Counsel for Plaintiffs in the underlying action caused Exhibits A and B to be personally served on Bishop Maynard on Friday, July 14, in his (Bishop Maynard's) capacity as the Registered Agent of record for City of Life Corporation, a Tennessee nonprofit corporation in good standing with the Tennessee Secretary of State's Office. Bishop Maynard is also the Chairman and President of City of Life Corporation, and in those capacities, he has designated himself as City of Life Corporation's organizational representative under Rule 30(b)(6). Per Exhibit A (the subpoena), Plaintiffs have scheduled the deposition for Thursday, August 10, at the offices of the Nashville Bar Association.

On Tuesday morning, July 25, undersigned co-counsel for Bishop Maynard (James G. Thomas) emailed a letter to Benjamin D. Van Horn, Esq. (co-counsel for Plaintiffs), raising certain objections to the deposition, and at least seeking a postponement to the week of August 14 because of a scheduling conflict that Dominick J. ("Nick") Leonardo, Esq., co-counsel for Bishop Maynard, has. Mr. Van Horn promptly responded with a letter on the afternoon of July 25. He dismissed Mr. Thomas's objections because he (Mr. Thomas) did not purport to represent City of Life Corporation, and he declined to postpone the deposition because Mr. Leonardo does not purport to represent City of Life Corporation, either.

On July 31 and August 1 (yesterday), undersigned counsel James G. Thomas has been in email communication with Mr. Van Horn about the proposed Motion for a Protective Order, which included sending Mr. Van Horn a substantially complete draft of the Motion and its supporting Memorandum. These communications have not resolved the dispute, and Mr. Van Horn intends to go forward with the deposition on August 10.

For the reasons set forth in Bishop Maynard's Motion, as supported by the Declaration of

2

James G. Thomas, and given the particular history of this matter, Bishop Maynard contents that the sought-after deposition constitutes "annoyance, embarrassment, oppression, [and] undue burden or expense" within the meaning of Rule 26(c)(1), Fed. R. Civ. P., and Rule 45(d)(3)(A)(iv), Fed. R. Civ. P. (separately addressing "undue burden" and making quashing mandatory). Critical to his contention is the fact that neither he nor City of Life is a party to the underlying action, and the deadline has long since passed for adding them as party-defendants.

**United HealthCare's Position**

In the underlying case, *United Healthcare Services, Inc., et al. v. Jeremy Rossel, et al.*, No. 3:21-cv-01547 (N.D. Tex.) ("Rossel"), Plaintiffs ("UHC") allege that a group of executives, in violation of RICO, 18 U.S.C. § 1962(c), engaged in a pattern of racketeering acts through a company called Next Health, LLC and obtained more than $100 million in insurance payments based on fraudulent claims. Relevant here, the defendants in Rossel falsely represented that UHC's members paid their cost-sharing amounts (i.e., co-pays) for certain prescriptions. Instead, they used a Tennessee public charity, City of Life CDC, Inc., to launder funds that were used to fake co-pays. The money traveled in a circle—from Next Health to City of Life, and from City of Life back to Next Health, which then used the laundered proceeds to fake co-pay documentation to satisfy UHC's audits. Next Health's majority owners pleaded guilty to this conduct—but they have remained silent on the details.

UHC is now seeking those details, which is why it served two subpoenas on City of Life, seeking documents and testimony related to this scheme. City of Life has not responded to either subpoena, but UHC has had five months of discussions with counsel for Bishop Jerry Maynard, the Chairman of City of Life who, ostensibly, organized and operated portions of this scheme. Bishop Maynard, however, asserted his Fifth Amendment rights at deposition rather than discuss his

3

relationship with City of Life, Next Health, or Next Health's executives (defendants in Rossel). After deposition, Bishop Maynard's counsel provided UHC with a handful of documents—mostly bank statements and images of checks—that Bishop Maynard authenticated on condition that doing so wouldn't be treated as a waiver of his rights.

But there is more to the story; the documents are silent on the origins of deposits and the purpose of the underlying transactions. City of Life continues to be listed as an active corporation, and its tax filings show it operated under the control of at least seven officers, other than Bishop Maynard. UHC therefore seeks corporate testimony from the City of Life concerning its financial transactions with Next Health, its business dealings with Next Health's executives, and its corporate understanding of the purpose of those dealings. Bishop Maynard (not City of Life itself, to which the subpoena is directed) now moves for a protective order, arguing that because only Bishop Maynard could serve as City of Life's corporate representative, because Bishop Maynard would continue to assert the Fifth, and because UHC hasn't added Bishop Maynard as a defendant in the underlying suit, UHC's exercise is harassing. These arguments fail for a few reasons.

First, Bishop Maynard, who is not a party in Rossel, does not have standing to move for a protective order on behalf of City of Life. See Fed. R. Civ. P. 26(c)(1) (A motion for a protective order is available to "a party or by the person from whom discovery is sought."). Bishop Maynard's counsel has repeatedly told UHC's counsel that they do not represent City of Life, only Bishop Maynard. And it is Bishop Maynard, not City of Life, that moves here.

Second, even if Bishop Maynard could rightly object, his self-designation as the only likely corporate representative is not grounds to prevent the deposition. A corporation's duties under Rule 45, like those under Rule 30(b)(6), require it to present a witness with the ability to speak to and authority to bind it as to the corporation's position on the topics presented. Schnatter v. 247 Grp.,

4

LLC, 343 F.R.D. 325, 331 (W.D. Ky. 2022). A corporation may not shield itself from testifying by presenting a witness that pleads the Fifth Amendment in a personal capacity. While a person harboring a reasonable fear of criminal prosecution cannot be compelled to testify against himself, a corporation has no such right; and it instead has an obligation to testify through a witness that will not invoke the Fifth Amendment. See, e.g., Convertino v. U.S. Dep't of Just., No. 07-13842, 2013 WL 153311, at *5 (E.D. Mich. Jan. 15, 2013); see also City of Chicago, Ill. v. Wolf, No. 91 C 8161, 1993 WL 177020, at *2 (N.D. Ill. May 21, 1993) (A "corporation [ ] can be compelled to answer the questions through an agent who will not invoke the privilege. This includes, if necessary, retaining a person not previously associated with the corporation so that that person can answer the questions."). Here, City of Life has at least seven other officers, excluding Bishop Maynard, that can speak on its behalf.

And finally, UHC's purpose here is not harassment, but gleaning the details of the money laundering scheme executed through the City of Life. And the deposition UHC seeks will only cover a few discrete topics—mostly concerning financial transactions which would be simple for a corporate witness to prepare to speak about. Bishop Maynard is correct that he is not a defendant in Rossel; he is also correct that discovery in that matter has been extended several times to accommodate the breadth of the numerous and various schemes at issues (of which, the money laundering through City of Life is but a discrete part). But Rule 45 exists to permit parties to obtain discovery from non-parties. The Court should therefore compel City of Life to abide by its obligation to provide a corporate representative for deposition who is adequately prepared to speak to the topics in UHC's subpoena. UHC's appreciates the Court's consideration.

5

Respectfully submitted,

| | |
|---|---|
| **SINTON • SCOTT • MINOCK • KEREW** | **NEAL & HARWELL, PLC** |
| | |
| */s/ Benjamin D. Van Horn* | */s/ James G. Thomas* |
| Benjamin D. Van Horn | Aubrey B. Harwell, Jr., TBPR No. 002559 |
| 1550 Market Street, Suite 400 | James G. Thomas, TBPR No. 007028 |
| Denver, Colorado 80202 | 1201 Demonbreun Street, Suite 1000 |
| (720) 738-9808 | Nashville, TN 37203 |
| *bvanhorn@ssmklaw.com* | (615) 244-1713 |
| | *aharwell@nealharwell.com* |
| | *jthomas@nealharwell.com* |

## CERTIFICATE OF SERVICE

I hereby certify that this Joint Discovery Dispute Statement has been served on all counsel of record in Case No. 3:21-cv-1547-L (N.D. Tex.) via their electronic mail addresses on file with the Clerk of the United States District Court for the Northern District of Texas in that matter, this the 2nd day of August, 2023.

                                                  */s/ James G. Thomas*

# EXHIBIT A
# Plaintiffs' Deposition Subpoena to City of Life Corporation

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| United Healthcare Services, Inc., et al. | ) |  |
|---|---|---|
| *Plaintiff* | ) |  |
| v. | ) | Civil Action No.  3:21-cv-1547-L |
| Jeremy Rossel, et al. | ) |  |
|  | ) |  |
| *Defendant* | ) |  |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: City of Life CDC, Inc. a/k/a City of Life Corporation
c/o Bishop Jerry Maynard, 404 Warioto Way #1003, Ashland City, TN 37015 (Registered Agent)

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:    See Attached Exhibit A

| Place: Nashville Bar Association, 150 4th Ave. N, Suite 1350, Nashville, TN 37219 | Date and Time: 08/10/2023 10:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic and Videographic Means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  07/14/2023

*CLERK OF COURT*

OR    /s/ Benjamin Van Horn

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  United Healthcare Services, Inc.                                  , who issues or requests this subpoena, are:
Benjamin D. Van Horn, 1550 Market Street, Suite 400, Denver, CO 80202

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:21-cv-1547-L

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B
# Deposition Topics

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

UNITED HEALTHCARE SERVICES, INC., UNITEDHEALTHCARE INSURANCE COMPANY,

    Plaintiffs,

v.

JEREMY ROSSEL, et al.,

    Defendants.

Case No. 3:21-cv-01547-L

# EXHIBIT 1 - ATTACHMENT TO SUBPOENA FOR DEPOSITION TESTIMONY TO CITY OF LIFE CORPORATION

The following deposition topics are promulgated under Federal Rule of Civil Procedure 30(b)(6) and 45(c)(1). Unless otherwise stated, the Relevant Time Period for purposes of these topics is from January 1, 2014, to the present.

## Definitions

A. "You" and "your" refer to City of Life CDC Incorporated a/k/a City of Life Corporation and any of its agents, associates, employees, representatives, assigns, attorneys, affiliates or other person or entity acting or purporting to act on his behalf.

B. "Next Health" means Next Health LLC, together with Pharma Holdings US, LTD, Pharma Holdings US, LLC, Meds Direct Rx, Inc., LLC RX, Inc., the Laboratory Affiliate entities and Pharmacy Affiliate entities, as well as any other entities Next Health owns or operates, and any of its officers, directors, members, employees, agents, parents, subsidiaries, affiliates, consultants, successors (including, inter alia, Critical Healthcare Management, LLC ("CHM")), predecessors (including, inter alia, Business Partners in Healthcare, LLC), assigns, and attorneys.

C. "Laboratory Affiliate(s)" means Licensed Labs and Shell Labs.

D. "Licensed Labs" include American Laboratories Group, LLC, Medicus Laboratories, LLC, US Toxicology, LLC, United Toxicology, LLC, True Labs, LLC and any other laboratory affiliated with Next Health that had a Clinical

1

Laboratory Improvement Amendments ("CLIA") certification. Licensed Labs, however, only applies to the timeframe during which any of the foregoing labs had a CLIA certification.

E. "Shell Labs" include: Altus Toxicology, LLC, Addison Laboratories LLC, Empire Labs, LLC, Central Texas Toxicology LLC, Facilitated Labs LLC, Guardian Toxicology, LLC, Trident Laboratories, LLC, Sunshine Toxicology, LLC, Stars Toxicology, LLC, New Way Labs, LLC, National Toxicology, LLC, Infinity Toxicology, LLC, Clinical Labs of America, LLC, Sirius Laboratories, LLC, Reliant Labs, LLC, University Laboratories LLC, and Pure Reference Laboratory, LLC.

F. Pharmacy Affiliate(s) means Class A Pharmacies and Class G Pharmacies.

G. "Class A Pharmacies" include Aditya Balaji Enterprise, Inc. d/b/a KK's Pharmacy #151, Apex Pharma d/b/a Apex Pharmacy, Care Plus Pharmacy, Community Express Pharmacy, Cor Pharma d/b/a Roc Pharma, Meds Direct Rx of NV, Executive Healthcare d/b/a the Apothecary Shop, Gulf State Health Partners LLC d/b/a RX2 Geaux, JPX2 LLC d/b/a America Meds Direct Rx, Maha Kali Naga Balaji LLC d/b/a Forney Pharmacy, McJele Ventures Inc. d/b/a AC Pharmacy, Meyerland Pharmacy, New Hope Pharmacy Inc. d/b/a Meds Direct Rx of CA, Pharma Holdings US of FL d/b/a Meds Direct Rx of FL, Pharma Holdings US of NY d/b/a Meds Direct Rx of NY, Pharma Holdings US of TN d/b/a Meds Direct Rx of TN, Pharmaceutical Care Solutions LLC d/b/a Pharmacy 45, Pinnacle Pharma, Progressive Pharma d/b/a Altus Pharmacy, TD Pharmacy, Total Pharma d/b/a Lot Pharma.

H. "Class G Pharmacies" include Absolute Pharma, Hilltree Pharmacy, Legacy Pharmacy, Patients Pharmacy, and Select Pharma.

I. The words "and" and "or" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these production requests any answer that might be deemed outside its scope by another.

J. "Electronic Message" means any electronic text or media content exchanged between two or more users of a software application other than email. Electronic messages include both SMS messages sent over cellular networks and messages sent over the Internet using applications such as WhatsApp, iMessage, Facebook Messenger, Twitter (via direct message), Slack, Instagram, Google Chat, and others. Electronic Messages include content sent over any software applications with built-in chat and/or messaging systems.

K. "Any" shall be understood to include and encompass "all" and vice-versa.

L.  "Concerning" means concerning, referring to, describing, evidencing, or constituting.

## Deposition Topics

1. Your formation, corporate governance, employees, contractors, and other persons or officers associated with You, including their roles, authorities, and responsibilities.

2. The identity of any persons or entities to which You made financial contributions or payments from January 1, 2014, to January 1, 2018, the amounts of those payments, and the purposes of those payments.

3. The identity of any persons or entities which made financial contributions or payments to You from January 1, 2014, to January 1, 2018, the amounts of those payments, and the purposes of those payments.

4. Financial or business relationships, arrangements, and transactions You made or You arranged to be made with or Concerning Next Health, Meds Direct Rx, Inc., LLC Rx, Pharmacy Affiliates, or any other person or business associated with those entities, including Semyon Narosov, Eric Narosov, Shawn Narosov, Yan Narosov, Allan Cohen, Cary Rossel, Amir Mortazavi, Mike Austin, Nick Austin, Josh Daniel, Josh Ihde, Arvin Zeinali, Karynn Harvard, and/or Andrew Hillman.

5. Your involvement in administering, assisting, supporting, or contributing to a patient or prescription assistance program regarding patients that had prescriptions filled by Next Health-associated pharmacies.

6. Your discussions or interactions with, or evaluations of, patients' financial need associated with Your issuing checks to cover co-pays of patients that had their prescriptions filled by Next Health.

7. Transactions involving the bank account numbered 1044605, including all credits and debits, from January 1, 2014, to January 1, 2017.

8. Transactions involving the bank account numbered 1037471, including all credits and debits, from January 1, 2014, to January 1, 2017.

9. Transactions between or among You and the bank account ending in ***2576 (or **12576), from January 1, 2014, to January 1, 2017.

10. Transactions between You and Next Health, Pinnacle Pharmacy, Apex Pharmacy, Apothecary Shop, Lot Pharmacy, Agape Pharmacy, Forney, Meyerland, Pharma Select, Altus, Agape, Community Express Pharmacy, TD, AC, and CEP.

3

11. The meaning, purpose, and all action taken concerning the following Chairman's Comments, delivered at a March 9, 2015, Board of Directors Meeting: "Chairman Maynard indicated that the Florida group wants to have a person located here to work on health issues and that they would be here in two weeks to give us more detailed information. He said the CDC has already received a check for $40,000 but we will have a separate checking account for this activity."

12. The meaning, purpose, and all action taken concerning the following Chairman's Comments, delivered at an October 10, 2016, Board of Directors Meeting: "In February 2015, an agreement was made with our business partners in Texas to receive funds to help with the co-pays for prescriptions. The Chairman announced that our participation in this program has been 'shut down' and was no longer available to the CDC."

13. All other board meetings regarding, or actions taken with respect to or involving, any of the entities or individuals mentioned in this Exhibit A.

14. Your understanding of the reasons for, or status of, any criminal investigation or action concerning Bishop Jerry L. Maynard involving or related to any of the entities mentioned in this Exhibit A.

Submitted July 14, 2023.

/s/ Benjamin D. Van Horn

**FIGARI + DAVENPORT, LLP**

Andrew G. Jubinsky
andy.jubinsky@figdav.com
901 Main St., Suite 3400
Dallas, TX 75202
T: (214) 939-2000
F: (214) 939-2030

**SINTON SCOTT MINOCK & KEREW**

Scott P. Kerew
skerew@ssmklaw.com
Joseph J. Minock
jminock@ssmklaw.com
3438 Peachtree Rd., Suite 925
Atlanta, GA 30326

Adam J. Sinton
asinton@ssmklaw.com
Benjamin D. Van Horn
bvanhorn@ssmklaw.com
1550 Market Street, Suite 400
Denver, CO 80202
T: 470-323-0003

COUNSEL FOR PLAINTIFFS

4

5