UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED HEALTHCARE SERVICES, INC., and UNITED HEALTHCARE INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. |
| JEREMY ROSSEL et al., | ) (Case No. 3:21-cv-1547-L, N.D. Tex.) |
| Defendants. | )<br>)<br>) |
| BISHOP JERRY L. MAYNARD, | )<br>) |
| Movant. | ) |

## DECLARATION OF JAMES G. THOMAS

1. I am James G. Thomas, co-counsel for Bishop Jerry L. Maynard in this matter. I have been licensed to practice law in the State of Tennessee continuously since 1980, and am in good standing with the Supreme Court of Tennessee. This Declaration is offered in support of Bishop Maynard's Motion for a Protective Order, which it accompanies. The Motion for a Protective Order concerns Exhibits A and B to the Motion, which are a Rule 30(b)(6) deposition subpoena to City of Life Corporation ("City of Life") and its "Attachment" listing fourteen "Deposition Topics," respectively. Exhibit A calls for a deposition on Thursday, August 10, at the offices of the Nashville Bar Association.

2. Along with Dominic J. ("Nick") Leonardo of the Nashville Bar and my senior partner, Aubrey B. Harwell, Jr., I have represented Bishop Maynard in connection with a Department of Justice investigation overseen by the United States Attorney's Office for the Northern District of Texas in Dallas since the fall of 2019. Insofar as we are aware, that

investigation remains ongoing and has not been terminated.

3. On or about June 2, 2022 (last year), Plaintiffs' counsel in the above-styled civil action pending in the United States District Court for the Northern District of Texas (Case No. 3:21-cv-1547-L) caused document subpoenas to be served on Bishop Maynard, Misha Maynard (Bishop Maynard's daughter), and City of Life. Copies of the subpoenas are collectively attached as Exhibit C to Bishop Maynard's Motion. On their faces, the subject matter of the subpoenas appeared to be related to the subject matter of the Department of Justice investigation, as we understood it.

4. In accordance with Rule 45(d)(2)(B), Fed. R. Civ. P., I timely lodged objections to the subpoenas on behalf of the three recipients. A copy of my June 15, 2022, letter conveying the objections to Plaintiffs' counsel whose name and address appeared on the subpoenas is Exhibit D.

5. There was no response to recipients' objections until the night of March 17, 2023 (St. Patrick's Day), over nine months after I had served them. At that time, I received certain email correspondence from Benjamin D. Van Horn, Esq., co-counsel for Plaintiffs, demanding full compliance with the three subpoenas (which he characterized as "long overdue," despite the timely objections) by March 27, 2017, only six business days later (counting Monday, March 27). A copy of Mr. Van Horn's email correspondence is Exhibit E.

6. The electronic docket sheet for the civil action reflects that, at the time, Plaintiffs were under a March 31, 2023, deadline for filing motions to compel, which was Plaintiffs' available remedy in response to the objections conveyed by Exhibit D. *See* July 2, 2021, Scheduling Order ¶ 5, *United Healthcare Services, Inc. v. Jeremy Rossel et al.*, Case No. 3:21-cv-1547-L (N.D. Tex.), ECF No. 614.

7. I was out of town and on medical leave at the time (and would remain so until March

29). Nevertheless, Nick Leonardo and I promptly contacted Mr. Van Horn by email and telephone the following week. Among other things, we made it clear that we (along with Aubrey Harwell) represented only Bishop Maynard (not City of Life or Misha Maynard), and we further conveyed that Bishop Maynard would be asserting his individual Fifth Amendment privilege as to the act of producing any documents that might be responsive to his subpoena (if any). *See generally United States v. Hubbell*, 530 U.S. 27 (2000).

8. On March 23, 2023 (likewise within the following week), the parties in the underlying civil action filed a Joint Motion to extend the then-existing fact discovery deadline of April 14. ECF No. 637. This resulted in the District Court's Fourth Amended Scheduling Order of March 30, 2023 (ECF No. 639), rescheduling the discovery cut-off for September 1 (the current deadline) and the jury trial for May 6 next year. The Court specifically noted that there would be no further continuances of the trial date.

9. This development removed the immediate time-sensitivity of the three outstanding document subpoenas. On a different front, however, Plaintiffs initiated the deposition of Bishop Maynard (individually), which took place on May 11 in the offices of Neal & Harwell, PLC, in Nashville. Bishop Maynard invoked his Fifth Amendment privilege in response to all non-preliminary questions, as we (his counsel) had previously conveyed to Mr. Van Horn that he would. Plaintiffs (to date) have not challenged Bishop Maynard's exercise of the privilege.

10. Concerning the outstanding document subpoenas to Bishop Maynard and City of Life, good faith discussions resumed among Nick Leonardo, Mr. Van Horn, and me. Mr. Leonardo and I informed Mr. Van Horn that we had collected certain City of Life documents in the course of representing Bishop Maynard previously, and we offered to produce these documents to Plaintiffs with the understanding that Bishop Maynard was not waiving his individual Fifth Amendment

3

privilege as to the act of production. This was acceptable to Mr. Van Horn. Consequently, on June 20, 2023, I emailed Mr. Van Horn a transmittal letter and a 'ShareFile link" containing some 675 City of Life documents. A copy of my letter is Exhibit F to the Motion.

11. Plaintiffs' original document subpoenas (served back in June last year) had not included proposed forms of authenticating affidavits or declarations, nor does Rule 45, Fed. R. Civ. P., by its terms, require a subpoenaed party to generate one. However, Mr. Van Horn requested an authenticating declaration, and he produced a proposed form. Still acting in a spirit of cooperation, we (Bishop Maynard's counsel) revised the draft to underscore that Bishop Maynard was not waiving his individual Fifth Amendment privilege as to the act of production, and we returned the Declaration (executed by Bishop Maynard) to Mr. Van Horn on July 12. Copies of my transmittal email and the executed "Business Records Declaration" of Bishop Maynard are included in Exhibit G.

12. Two days later (on July 14), Plaintiffs' process server personally served Bishop Maynard with the City of Life deposition subpoena and its Attachment (Exhibits A & B) in his (Bishop Maynard's) capacity as the Registered Agent for City of Life, thereby giving rise to this Motion.

13. While City of Life remains in good standing with the Tennessee Secretary of State's Office, it is not an operating entity, nor has it been since 2021 (at the latest). However, Bishop Maynard is its Chairman and President, and in those capacities (in addition to his capacity as Registered Agent), he has designated himself as the organization's representative under Rule 30(b)(6), Fed. R. Civ. P. As with his May 11 deposition, his counsel will advise him to exercise his Fifth Amendment privilege in response to all non-preliminary questions, should the deposition go forward.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on August 1, 2023.

_____
James G. Thomas

**CERTIFICATE OF SERVICE**

I hereby certify that this Declaration has been served on all counsel of record in Case No. 3:21-cv-1547-L (N.D. Tex.) via their electronic mail addresses on file with the Clerk of the United States District Court for the Northern District of Texas in that matter, this the ____ day of August, 2023.

_____